■ RUTH SHOMRON, on Behalf of R&L REALTY ASSOCIATES, Respondent, v ETHEL J. GRIFFIN, Public Administrator of New York County, as Temporary Administrator of the Estate of YORAM FUKS, Deceased, et al., Appellants. [893 NYS2d 545]—

Interlocutory judgment, Supreme Court, New York County (John E.H. Stackhouse, J.), entered November 28, 2006, after a nonjury trial, directing, among other things, the rescission of the sale of four apartments to defendants and the reconveyance of the stock certificates and proprietary leases appurtenant, based upon a finding of fraud, the return of the purchase price paid for the four apartments to defendants, and the imposition of a constructive trust on defendant Mali Fuks over rents and profits received from the rental of the apartments since the purchase, unanimously affirmed, with costs. Appeal from decision, same court and Justice, entered September 27, 2006, upon which the judgment was based, unanimously dismissed, without costs, as taken from a nonappealable paper.

Plaintiff brought a complaint seeking the rescission of the sale of four apartments on the basis of fraud, and based on the evidence presented at trial, the court properly found that rescission was the appropriate remedy under the circumstances, as the evidence showed that defendants' fraud caused more than a negligible injury to plaintiff and plaintiff lacked a complete and adequate remedy at law (*see Frame v Maynard*, 39 AD3d 328 [2007]; *Dunkin' Donuts v HWT Assoc.*, 181 AD2d 711 [1992]).

Plaintiff's causes of action for a constructive trust and breach of fiduciary duty were not barred by the applicable statutes of limitations as they were timely asserted as counterclaims in a prior proceeding later consolidated with the instant matter (CPLR 203 [d]). The fraud cause of action was also timely filed after Shomron's discovery of the fraud in 2000.

We have considered defendants' remaining contentions and find them unavailing. Concur—Friedman, J.P., Acosta, DeGrasse and Abdus-Salaam, JJ.